UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **FILED *EX PARTE* AND UNDER SEAL** |
| | ) | |
| v. | ) | Criminal No.: 12-10226-DJC |
| | ) | |
| 1. JOHN KOSTA, | ) | |
|    a/k/a COSTA MIHALAKAKIS, | ) | |
| 2. FIDENCIA SERRANO-ESQUER, | ) | |
|    a/k/a "FITO," | ) | |
| 3. NESTOR ANTONIO VERDUZCO, | ) | |
|    a/k/a "TONY," | ) | |
| 4. DENNIS NOVICKI, | ) | |
| 5. ALEXANDER NAPOLEON, | ) | |
| 6. DONALD McCORMICK, and | ) | |
| 7. TAMARA KOSTA, | ) | |
|    Defendants. | ) | |

**MOTION FOR *EX PARTE* FINDINGS AND
ENDORSEMENT OF MEMORANDUM OF *LIS PENDENS***

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, moves for a finding that the drug and money laundering forfeiture allegations contained in the indictment in the above-captioned action constitute claims of right to title to—or the use and occupation of—the following real properties:

    a. seven lots of real property located in Perry, Maine, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Volume 3387, Pages 145-149, at the Washington County Registry of Deeds;

    b. the real property located at 45 Riley Switch Road, Phillipston, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 35664, Pages 42-43, at the Worcester District Registry of Deeds;

    c. the real property located at 100 Summit Street, Orange, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 5945, Pages 129-130, at the Franklin District Registry of Deeds;

    d. the real property located at 325 Water Street, Fitchburg, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 7388, Pages 187-190, at the Worcester Northern District Registry of Deeds;

    e. the real property located at 339-341 Water Street, Fitchburg, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 7388, Pages 187-190, at the Worcester Northern District Registry of Deeds;

    f. the real property located at 181 Krainewood Drive, Moultonboro, New Hampshire, Lot 33, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 2973, Page 910-911, at the Carroll County Registry of Deeds;

    g. the real property located at 359 Maple Street, Lynn, Massachusetts, Lot 2, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 18480, Page 171, at the Southern Essex District Registry of Deeds;

    h. the real property located at 1 Barre Road, Phillipston, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 49088, Pages 255-258, at the Worcester District Registry of Deeds;

    i. the real property located at 390 Highland Avenue, Phillipston, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 49088, Pages 259-262, at the Worcester District Registry of Deeds;

    j. the real property located at parcel number 004788377, at Spring Street in Petersham, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 49088, Pages 263-266, at the Worcester District Registry of Deeds; and

    k. the real property located at parcel number 004788374, Lot 2, at Wellington Road in Templeton, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 49088, Pages 267-270, at the Worcester District Registry of Deeds

(collectively, the "Real Properties"). The United States also moves for the endorsement of said finding on the memoranda of *lis pendens*.

A memorandum of *lis pendens* puts those interested in a piece of real property on notice that the property is in dispute. The Massachusetts mechanism for the placement of memoranda of *lis pendens* "ensures that a prospective third-party transferee can, with the exercise of reasonable prudence, acquire information relevant to a decision whether to the consummate the transaction." *See Debral Realty, Inc. v. DiChiara*, 420 N.E.2d 343, 346 (Mass. 1981).

The findings and the judicial endorsement that the United States requests with this motion are required under Massachusetts law regulating the recording and registration of memoranda of *lis pendens*.* *See* MASS. GEN. LAWS ch. 184, § 15. The endorsement will enable the United States to file the memoranda of *lis pendens* in the appropriate land registration offices to give third parties notice of the government's forfeiture claims to and against the interests of the defendants in the Real Properties described above.

In Massachusetts, any notice of *lis pendens* recorded at the Registry of Deeds must bear an endorsement by a justice of the court before which an action is pending that acknowledges that "the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon." MASS. GEN. LAWS ch. 184, § 15(b). Endorsement of a notice of *lis pendens* does not constitute a comment on the merits of the underlying claim on the property, however. *See Sutherland v. Aolean Dev. Corp.*, 502 N.E.2d 528, 531 (Mass. 1987) (noting that § 15 does not require the court to rule on whether the complaint casting a cloud on the relevant property "states a valid claim"). Rather, the only

---

* Massachusetts law does not apply to the Maine and New Hampshire properties on which the United States seeks to place a *lis pendens*, but the United States requests that the Court endorse memoranda of *lis pendens* for those properties nonetheless. (Under Maine law, "a party may file a *lis pendens* either by filing a copy of the complaint in the Registry of Deeds or by filing a notice in the Registry that there is pending ligation over the property." *Meng v. Vann*, 2006 WL 2959699, at *1 (Me. Super. July 14, 2006). The United States could find no statute or case law addressing whether a judicial finding and endorsement are necessary to file a *lis pendens* in New Hampshire.) Accordingly, the United States has enclosed with this motion proposed memoranda of *lis pendens* for the seven lots of real property located in Perry, Maine and for the property at 181 Krainewood Drive, Moultonboro, New Hampshire.

questions the endorsing judge must ask are: "what is the subject matter of the action, and does it consist of a claim of right to title or use and occupation of real property." *Id.* (internal quotation marks omitted).

In this proceeding, the claim of right to the property in question arises out of the federal indictment filed on August 2, 2012 against the above-named defendants. The drug forfeiture allegations of the indictment seek the forfeiture, upon conviction of one or more of the offenses alleged in Counts One and Two, of any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the charged offenses, and of any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The money laundering forfeiture allegation of the indictment seeks the forfeiture, upon conviction of the offense alleged in Count Three, of any property, real or personal, involved in the offense and of any property traceable to such property. Consequently, this action consists, in part, of claims of right to title to the Real Properties. Proposed memoranda of *lis pendens* are submitted herewith for consideration by the Court.

The United States has filed this motion and the accompanying memoranda of *lis pendens* under seal and *ex parte* because there is a danger that the defendants, if notified in advance of the endorsement of the memoranda of *lis pendens*, will convey, encumber, damage or destroy the properties or the improvements thereon. *Cf.* MASS. GEN. LAWS ch. 184, § 15(b).

WHEREFORE, the government requests that this Court approve and endorse the proposed findings on the attached memoranda of *lis pendens*.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Brian Pérez-Daple
LEAH FOLEY
BRIAN PÉREZ-DAPLE
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: August 3, 2012