UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2012 AUG -3 P 4: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **FILED *EX PARTE* AND UNDER SEAL** |
| | ) |
| v. | ) Criminal No.: 12-10226-DJC |
| | ) |
| 1. JOHN KOSTA, | ) |
|    a/k/a COSTA MIHALAKAKIS, | ) |
| 2. FIDENCIA SERRANO-ESQUER, | ) |
|    a/k/a "FITO," | ) |
| 3. NESTOR ANTONIO VERDUZCO, | ) |
|    a/k/a "TONY," | ) |
| 4. DENNIS NOVICKI, | ) |
| 5. ALEXANDER NAPOLEON, | ) |
| 6. DONALD McCORMICK, and | ) |
| 7. TAMARA KOSTA, | ) |
|    Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES'
*EX PARTE* MOTION FOR POST-INDICTMENT RESTRAINING ORDER**

On August 2, 2012, a federal grand jury sitting in the District of Massachusetts returned a three-count indictment charging John Kosta (a/k/a Costa Mihalakakis); Fidencia Serrano-Esquer (a/k/a Fito); Nestor Antonio Verduzco (a/k/a Tony); Dennis Novicki; Alexander Napoleon; Donald McCormick; and Tamara Kosta, in various combinations, with conspiracy to possess with intent to distribute and to distribute marijuana, possession with intent to distribute marijuana (and aiding and abetting), and conspiracy to commit money laundering. To preserve the *status quo* with respect to the real properties named in the indictment as forfeitable to the United States while this case is pending, the United States now seeks an order restraining the transfer, alienation, concealment, or dissipation of the properties. As set forth in more detail below, the applicable forfeiture statutes authorize this Court to issue a restraining order where, as here, an indictment has been filed alleging that the properties at issue are subject to forfeiture.

1

### A. Background

On August 2, 2012, a federal grand jury sitting in the District of Massachusetts returned a three-count indictment charging the defendants, in various combinations, with conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) (Count Two); and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Three). The indictment also alleges criminal forfeiture of certain assets, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1). The indictment provided notice that the United States would seek forfeiture of property that constitutes or is derived from proceeds of violations of 21 U.S.C. §§ 846 and 841(a)(1), that was used to facilitate such violations, or that is subject to forfeiture as property involved in or traceable to a money laundering conspiracy undertaken in violation of 18 U.S.C. § 1956(h).

### B. The Real Properties Named In The Indictment Are Subject To Forfeiture

If the defendants in this action are convicted of the crimes with which they are charged, various items of property will become subject to forfeiture by the United States; among those are five of the real properties identified in the indictment.

If one of the defendants is convicted of a violation of either 21 U.S.C. §§ 846 or 841, the following property is subject to forfeiture:

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and]
(2) any of the [convicted defendant's] property used, or intended to be used, in any manner or part, to commit, or to facilitate such violation.

21 U.S.C. § 853(a)(1) and (2). And if any defendant is convicted of the money laundering conspiracy of which he is charged, the Court "shall order that the person forfeit to the United

2

States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1).

In the indictment, the grand jury found probable cause to forfeit certain listed assets on one or more of the bases set forth in the statutes just discussed. Those properties are:

   a. seven lots of real property located in Perry, Maine, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Volume 3387, Pages 145-149, at the Washington County Registry of Deeds;

   b. the real property located at 45 Riley Switch Road, Phillipston, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 35664, Pages 42-43, at the Worcester District Registry of Deeds;

   c. the real property located at 100 Summit Street, Orange, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 5945, Pages 129-130, at the Franklin District Registry of Deeds;

   d. the real property located at 325 Water Street, Fitchburg, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 7388, Pages 187-190, at the Worcester Northern District Registry of Deeds; and

   e. the real property located at 339-341 Water Street, Fitchburg, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 7388, Pages 187-190, at the Worcester Northern District Registry of Deeds

(collectively, "the Real Properties"). These properties, therefore, will become subject to forfeiture by the United States upon conviction of one the defendants for the crimes charged. (Although the indictment also contains language providing for the forfeiture of so-called substitute assets, the Real Properties, which the United States now seeks to restrain, are named in the indictment as directly forfeitable to the United States.)

### C. The Real Properties Should Be Restrained

To preserve the status of the Real Properties until the action affecting the rights to them has been adjudicated, the Court should enter the proposed restraining order attached hereto. In cases like this one, in which an indictment has been filed charging violations of 21 U.S.C. §§ 841 or 846, the Court may enter an order restraining any property identified in the indictment as property that would, in the event of conviction, be subject to forfeiture by the United States. *See* 21 U.S.C. § 853(e)(1)(A). The order should be *ex parte*, and should restrain the property until there has been a final determination regarding the property's forfeitability—that is, until there has been a conviction or dismissal of the crime charged. *Compare* §§ 853(1)(B) and 853(2) (contemplating notice to property owners and time limits for pre-indictment restraining orders) *with* § 853(a)(1)(A) (contemplating neither); *see also* S. Rep. No. 225, at 203 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3386 ("In contrast to the pre-indictment restraining order authority set out in paragraph (1)(B), the post-indictment restraining order provision does not require prior notice and opportunity for a hearing."). Without a restraining order in place, there is a risk that, during the pendency of their criminal case, the defendants who control the Real Properties will transfer, dissipate, or encumber them, among other possibilities. To preserve the *status quo* with respect to the Real Properties, therefore, the Court should enter an order restraining them.

### CONCLUSION

To preserve the *status quo* with respect to the Real Properties, specifically named as forfeitable in the indictment, the United States requests that the Court allow its *Ex Parte* Motion for Post-Indictment Restraining Order and issue the proposed order filed herewith.

4

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Brian Perez-Daple
LEAH FOLEY
BRIAN PÉREZ-DAPLE
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: August 3, 2012