```
                                                        FILED
       UNITED STATES DISTRICT COURT CLERKS OFFICE
              DISTRICT OF MASSACHUSETTS
                                                   2012 AUG -3  P 4: 22
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **FILED *EX PARTE* AND UNDER SEAL** |
| ) | DISTRICT OF MASS. |
| v. ) | Criminal No.: 12-10226-DJC |
| ) | |
| 1. JOHN KOSTA, ) | |
|    a/k/a COSTA MIHALAKAKIS, ) | |
| 2. FIDENCIA SERRANO-ESQUER, ) | |
|    a/k/a "FITO," ) | |
| 3. NESTOR ANTONIO VERDUZCO, ) | |
|    a/k/a "TONY," ) | |
| 4. DENNIS NOVICKI, ) | |
| 5. ALEXANDER NAPOLEON, ) | |
| 6. DONALD McCORMICK, and ) | |
| 7. TAMARA KOSTA, ) | |
|        Defendants. ) | |

## RESTRAINING ORDER

**CASPER, District Judge:**

Upon consideration of the United States' *Ex Parte* Motion for Post-Indictment Restraining Order, and pursuant to 21 U.S.C. § 853(e)(1)(A), the Court finds and rules as follows:

1. On August 2, 2012, a federal grand jury sitting in the District of Massachusetts returned a three-count indictment charging John Kosta (a/k/a Costa Mihalakakis); Fidencia Serrano-Esquer (a/k/a Fito); Nestor Antonio Verduzco (a/k/a Tony); Dennis Novicki; Alexander Napoleon; Donald McCormick; and Tamara Kosta, in various combinations, with conspiracy to possess with intent to distribute and to distribute marijuana in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Three).

2. The indictment also included drug and money laundering forfeiture allegations providing notice that:

   a. upon conviction of one or more of the offenses alleged in Counts One and Two of the indictment, the affected defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of those offenses along with any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, those offenses; and

   b. upon conviction of the offense alleged in Count Three of the indictment, the affected defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the offense, and any property traceable to such property.

3. As set forth in the indictment, the forfeitable real property includes, but is not limited to:

   a. seven lots of real property located in Perry, Maine, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Volume 3387, Pages 145-149, at the Washington County Registry of Deeds;

   b. the real property located at 45 Riley Switch Road, Phillipston, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 35664, Pages 42-43, at the Worcester District Registry of Deeds;

   c. the real property located at 100 Summit Street, Orange, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 5945, Pages 129-130, at the Franklin District Registry of Deeds;

   d. the real property located at 325 Water Street, Fitchburg, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 7388, Pages 187-190, at the Worcester Northern District Registry of Deeds; and

   e. the real property located at 339-341 Water Street, Fitchburg, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 7388, Pages 187-190, at the Worcester Northern District Registry of Deeds,

(collectively, "the Real Properties").

4.      The United States has moved for a restraining order pursuant to 21 U.S.C. § 853(e)(1)(A), to preserve the *status quo* and to prevent the defendants and all other persons with notice of this order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the Real Properties.

5.      There is reasonable cause for entry of this order. The indictment has established probable cause that the Real Properties would be subject to forfeiture to the United States upon one or more of the defendants' convictions. The Court further concludes that a restraining order is necessary to preserve the availability of the Real Properties for forfeiture in the event of one or more of the defendants' convictions.

It is hereby ORDERED that this restraining order issue with respect to the Real Properties.

It is further ORDERED that the Defendants, their agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, and those persons, financial institutions, or other entities who have any possession, interest or control over the Real Properties subject to this order, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

   a. alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the Real Properties, in any manner, directly or indirectly;

   b. cause the Real Properties to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

   c. take, or cause to be taken, any action which could have the effect of concealing the Real Properties, removing the Real Properties from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Real Properties.

The defendants are hereby placed on notice that if the Real Properties are transferred, dissipated, or disposed of by any means without approval of this Court, the Court may require

the defendants to account to the Court for the disposition and location of the Real Properties and any proceeds traceable thereto.

It is further ORDERED that the owners of the Real Properties are required to maintain the present conditions of the Real Properties, including making timely payment for all mortgage, insurance, utility, tax, and assessment obligations until further order of this Court.

It is further ORDERED that anyone holding a mortgage or lien on the Real Properties shall respond promptly to requests by the United States for information on said mortgages or liens' current statuses.

The United States or its agents shall serve this order upon the defendants and shall provide due notice of the order to other persons and entities subject to the order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this order immediately upon such receipt.

This order shall remain in effect until further order of the Court.

SO ORDERED THIS 6th DAY OF August, 2012.

_____
DENISE J. CASPER
United States District Judge