## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No.: 12-10226-DJC |
| v. | ) |
| | ) |
| | ) |
| JOHN KOSTA, | ) **FILED UNDER SEAL** |
| | ) |
| Defendant. | ) |

### MOTION FOR PROTECTIVE ORDER

The United States, by and through the undersigned Assistant United States Attorney, respectfully moves pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 for a protective order regarding wiretap information and evidence described below. As grounds for this motion, the government states as follows.

On August 2, 2012, a federal grand jury sitting in Boston, Massachusetts returned an indictment charging John KOSTA, Fidencio Serrano-Esquer, a/k/a FITO, Nestor Antonio VERDUZCO, Dennis NOVICKI, Alexander NAPOLEON, and Donald McCORMICK with Conspiracy to distribute 100 kilograms or more of marijuana. The grand jury also charged John KOSTA and Tamara KOSTA with conspiracy to commit money laundering. Five of the defendants charged in the indictment in this matter were arrested on August 7, 2012. FITO remains at large and is believed to be in Mexico.

The investigation that led to the indictment included a series of wiretaps. The investigation into certain named targets in the wiretap applications and interceptees in this investigation is ongoing. Thus, the investigation has generated investigative reports as well as applications, affidavits, and orders for authorization to intercept communications to and from

telephones used by the defendants and their criminal associates.  (These materials are referred to herein as "the Wiretap Materials".)

The government is now obligated to produce these materials to the indicted defendants who have been arrested (John Kosta, Tamara Kosta, Nestor Antonio Verduzco, Dennis Novicki, Alexander Napoleon and Donald McCormick). However, one of the defendants indicted in this matter ("FITO") remains at large, as do many of the as-yet uncharged targets of the investigation. Disclosure of the Wiretap Materials to anyone beyond the indicted and arrested defendants – including the co-defendant who remains at large and their as-yet uncharged criminal associates – would seriously compromise the ongoing investigation into their criminal activity and would likely prompt the flight of those defendants and their as-yet uncharged criminal associates.

Therefore, the government seeks a protective order to prevent the disclosure of the Wiretap Materials beyond the arrested and indicted defendants and their counsel.

The Orders entered to date authorizing the interception of telephones in this investigation are listed in the section below.   Following that is a section setting forth a particularized statement of the grounds supporting the requested Order.   A proposed Order is also attached to this motion.

### Orders authorizing interception of target telephones

1.     On November 8, 2011, the Hon. Douglas P. Woodlock, District of Massachusetts, entered an Order authorizing the interception of wire and electronic communications to and from the cellular telephone assigned call number assigned call number (978) 335-7119 and bearing International Mobile Subscriber Identifier ("IMSI"), which is the unique subscriber identification number for a T-Mobile cellular telephone subscribed to in the name of  Louis GRANDE, 415 Cabot Street, Beverly, Massachusetts (Target Telephone # 1).   The known Target Subjects listed

in the affidavit in this matter were: Louis GRANDE, John KOSTA, a/k/a Costa MIHALAKAKIS, Fidencio SERRANO-ESQUER, a/k/a Fidencio ESQUER, a/k/a "FITO," Juan Carlos SERRANO, a/k/a "Carlos," a/k/a "Carlito," Scott MILBURY Jr. and Kieran KIDDER.

2.    On December 14, 2011, Judge Woodlock entered an Order authorizing the interception of wire and electronic communications to and from 1) the cellular telephone assigned call number (480) 261-7713, bearing Electronic Serial Number ("ESN") A00000A245A887A (Target Telephone #2), which is a Verizon Wireless prepaid cellular phone used by John KOSTA with no subscriber information; and 2) to and from telephone number (978) 335-8221, bearing IMSI 310260252841803 ("Target Telephone #3"), which is a T-Mobile cellular telephone subscribed to in the name of and used by Scott Milbury, 45 Chase Street, Danvers, Massachusetts. The known Target Subjects listed in the affidavit in this matter were: John KOSTA, a/k/a Costa MIHALAKAKIS; Scott MILBURY Jr.; Danielle BRADSHAW; Kenneth CURCIO; RAMON JAVIER ESTRADA, a.k.a. Adnel Caballero Delvalle; Louis GRANDE; Eddie GRAVALESE; Davaris JACKSON; Glen KARAKAEDOS; Tamara KOSTA; John LIMOLI; Alexander NAPOLEON; Fidencio SERRANO-ESQUER, a.k.a. Fidencio Esquer, a.k.a. "Fito"; Billy ROGAN; and Donald WOOD.

3.    On December 28, 2011, Judge Woodlock, entered an Order authorizing the interception of wire communications to and from the cellular telephone assigned call number (978) 502-4942 bearing ESN A00000299D151A (Target Telephone #4), which is a Verizon Wireless prepaid cellular phone used by John KOSTA with no subscriber information. The known Target Subjects listed in the affidavit in this matter were: John KOSTA, a/k/a Costa MIHALAKAKIS; Scott MILBURY Jr.; Danielle BRADSHAW; Kenneth CURCIO; RAMON

3

JAVIER ESTRADA, a.k.a. Adnel Caballero Delvalle; Louis GRANDE; Eddie GRAVALESE; Jason HUNTER; Davaris JACKSON; Glen KARAKAEDOS; Tamara KOSTA; John LIMOLI; Alexander NAPOLEON; Jorge Andres CERON-NAVARRO; Dennis NOVICKI; Fidencio SERRANO-ESQUER, a.k.a. Fidencio Esquer, a.k.a. "Fito"; Billy ROGAN; Juan Carlos SERRANO; Chris VANGELGIKIS and Donald WOOD.

4.    On January 12, 2012, Judge Woodlock, entered an Order authorizing the interception of wire communications to and from the cellular telephone assigned call number 413-325-3689 bearing ESN Number A0000008BDC467 (Target Telephone #5), which is a Verizon Wireless prepaid cellular used by John KOSTA, subscribed to OAS "Phone in the Box" with no further subscriber information.  The known Target Subjects listed in the affidavit in this matter were: John KOSTA, a/k/a Costa MIHALAKAKIS; Scott MILBURY Jr.; Danielle BRADSHAW; Kenneth CURCIO; RAMON JAVIER ESTRADA, a.k.a. Adnel Caballero Delvalle; Louis GRANDE; Eddie GRAVALESE; Jason HUNTER; Davaris JACKSON; Glen KARAKAEDOS; Tamara KOSTA; John LIMOLI; Brian McDONOUGH; Donald McCORMICK; Brian McKAY; Alexander NAPOLEON; Jorge Andres CERON-NAVARRO; Dennis NOVICKI; Fidencio SERRANO-ESQUER, a.k.a. Fidencio Esquer, a.k.a. "Fito"; Billy ROGAN; Juan Carlos SERRANO; Chris VANGELGIKIS; Nestor Antonio VERDUZCO and Donald WOOD.

5.    On January 26, 2012, Judge Woodlock entered an Order authorizing the interception of wire communications to and from the cellular telephone assigned call number 617-671-9293, bearing IMSI Number 310410223862436 (Target Telephone #6), which is an AT & T Wireless cellular phone used by Dennis NOVICKI and subscribed to Dennis NOVICKI, 23

4

Goddard Street, Blackstone, Massachusetts.  The known Target Subjects listed in the affidavit in this matter were: John KOSTA, a/k/a Costa MIHALAKAKIS; Scott MILBURY Jr.; Danielle BRADSHAW; Kenneth CURCIO; RAMON JAVIER ESTRADA, a.k.a. Adnel Caballero Delvalle; Louis GRANDE; Eddie GRAVALESE; Jason HUNTER; Davaris JACKSON; Glen KARAKAEDOS; Tamara KOSTA; John LIMOLI; Brian McDONOUGH; Donald McCORMICK; Brian McKAY; Alexander NAPOLEON; Jorge Andres CERON-NAVARRO; Dennis NOVICKI; Fidencio SERRANO-ESQUER, a.k.a. Fidencio Esquer, a.k.a. "Fito"; Billy ROGAN; Juan Carlos SERRANO; Chris VANGELGIKIS; Nestor Antonio VERDUZCO and Donald WOOD.

6.     On February 23, 2012, Judge Woodlock entered an Order authorizing the interception of wire communications to and from the cellular telephone assigned call number 480-243-3012, bearing ESN A000002FA99547 (Target Telephone #7), which is a Verizon Wireless cellular phone used by John KOSTA with no subscriber information.  The known Target Subjects listed in the affidavit in this matter were: John KOSTA, a/k/a Costa MIHALAKAKIS; Scott MILBURY Jr.; Danielle BRADSHAW; Kenneth CURCIO; RAMON JAVIER ESTRADA, a.k.a. Adnel Caballero Delvalle; Louis GRANDE; Eddie GRAVALESE; Jason HUNTER; Davaris JACKSON; Glen KARAKAEDOS; Tamara KOSTA; John LIMOLI; Brian McDONOUGH; Donald McCORMICK; Brian McKAY; Alexander NAPOLEON; Jorge Andres CERON-NAVARRO; Dennis NOVICKI; Fidencio SERRANO-ESQUER, a.k.a. Fidencio Esquer, a.k.a. "Fito"; Billy ROGAN; Juan Carlos SERRANO; Chris VANGELGIKIS; Nestor Antonio VERDUZCO and Donald WOOD.

7.     On March 28, 2012, Judge Woodlock entered an Order authorizing the interception

of wire communications to and from the cellular telephone assigned call number 480-254-8091, bearing ESN A000002FDD0E44 (Target Telephone #8), which is a Verizon Wireless cellular phone used by John KOSTA with no subscriber information.   The known Target Subjects listed in the affidavit in this matter were: John KOSTA, a/k/a Costa MIHALAKAKIS; Scott MILBURY Jr.; Danielle BRADSHAW; Kenneth CURCIO; RAMON JAVIER ESTRADA, a.k.a. Adnel Caballero Delvalle; Louis GRANDE; Eddie GRAVALESE; Jason HUNTER; Davaris JACKSON; Glen KARAKAEDOS; Tamara KOSTA; John LIMOLI; Brian McDONOUGH; Donald McCORMICK; Brian McKAY; Alexander NAPOLEON; Jorge Andres CERON-NAVARRO; Dennis NOVICKI; Fidencio SERRANO-ESQUER, a.k.a. Fidencio Esquer, a.k.a. "Fito"; Billy ROGAN; Juan Carlos SERRANO; Chris VANGELGIKIS; Nestor Antonio VERDUZCO and Donald WOOD.

8.      Wire communications (and, where noted, electronic communications) to and from the Target Telephones described above were intercepted pursuant to the above-referenced wiretap orders.

9.      The interception of telephones used by the defendants and their criminal associates continues.

## Grounds for requested Protective Order

10.     Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Local Rule 116.6, the government requests that this Court issue the attached protective order to ensure that the materials disclosed to defense counsel will be used solely for the limited purpose of enabling the arrested and indicted defendants to prepare a defense and will not be further disclosed or disseminated. The reasons for the government's request are as follows.

11.     Further disclosure or dissemination of the Wiretap Materials would jeopardize any

6

further investigation. All but two of the people named or referenced in the orders and the related applications and affidavits, as well as the intercepted conversations and preliminary transcripts ("line sheets") have not been arrested and are currently targets or subjects of federal investigation. Further disclosure or dissemination of the Wiretap Materials could jeopardize any further investigation by, among other things, leading subjects and targets of the investigations to change phones, go into hiding, or flee.

12.     Further disclosure or dissemination of the Wiretap Materials would unnecessarily jeopardize the safety of cooperating individuals. Some of the Wiretap Materials contain references to cooperating sources of information who assisted in the investigation. Further disclosure or dissemination of the Wiretap Materials would unnecessarily jeopardize the safety of those cooperating sources of information by potentially revealing their true identities to individuals who might wish to harm them.

13.     Further disclosure or dissemination of the Wiretap Materials would unnecessarily invade the privacy interests of non-defendants. One important purpose of the stringent secrecy and sealing requirements contained in the federal wiretap statute, 18 U.S.C. §§ 2510-2522, is to maximize the privacy of individuals mentioned in wiretap documents and/or intercepted pursuant to a wiretap order. Further disclosure or dissemination of the Wiretap Materials would unnecessarily invade the privacy interests of those individuals and therefore defeat one of the statute's most important purposes.

7

WHEREFORE, the government respectfully requests that the Court issue the attached proposed protective order.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: Leah B. Foley
Assistant U.S. Attorney

Dated: August 8, 2012