UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No.: 12-CR-10226-DJC |
| v. | ) |
| | ) |
| JOHN KOSTA, et al., | ) **FILED UNDER SEAL** |
| | ) |
| Defendants. | ) |

GOVERNMENT'S MOTION FOR PERMISSION TO USE
WIRETAP EVIDENCE AT DETENTION HEARINGS

1. The United States of America, by its attorneys, United States Attorney Carmen M. Ortiz, and Assistant U. S. Attorney Leah B. Foley, hereby moves pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 for an order relieving the United States of its obligation to disclose the contents of wire, oral, or electronic communication intercepted pursuant to Title 18, United States Code, Section 2518, at least ten days before using such materials at trial or hearing. As grounds for this motion, the government states as follows:

2. Title 18, United States Code, Section 2518(9) provides in relevant part:

> [T]he contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. **This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information.** [Emphasis added.]

3. The investigation leading to the indictment in this matter involved court-authorized wiretaps authorized in M.B.D. No. 11-91301-DPW.

4. The government requests that in this instance the Court waive the ten-day period ordinarily required by 18 U.S.C. § 2518(9) because it is not possible to furnish the wiretap materials to the defendants ten days before their scheduled detention hearings, and because the defendants will not be prejudiced by the delay in receiving the information.

5. John KOSTA, Tamara KOSTA, Alexander NAPOLEON and Dennis NOVICKI, were taken into custody on August 7, 2012. (Nester VERDUZCO was taken into custody in the District of Arizona and a detainer was lodged against Donald McCORMICK in the District of South Dakota. Fidencio Serrano-Esquer remains on the lam and is believed to be in Mexico.) Detention hearings for John KOSTA and Dennis NOVICKI are currently scheduled for ??? Monday, April 10, 2012. (The initial detention hearing for VERDUZCO will be held in the District of Arizona.) At these hearings, the government intends to rely upon the contents of certain intercepted wire communications to show (a) the defendants' dangerousness and (b) the risk of non-appearance they present.

6. Because the detention hearings have been scheduled to take place in less than ten days, it will not be possible to furnish the defendants with the wiretap materials ten days before the detention hearings in compliance with 18 U.S.C. § 2518(9). Under these circumstances, there is good cause for the Court to waive the ten-day notice provision of 18 U.S.C. § 2518(9).

7. The defendants will not be prejudiced by a waiver of the ten-day notice provision because the provision exists chiefly to allow defendants time to move to suppress the admission of wiretap evidence, and such motions to suppress are not allowed at detention hearings. Also, the rules regarding the admissibility of evidence in criminal trials do not apply at a detention hearing. 18 U.S.C. § 3142(f). Consequently, challenged wiretap information may be used at a detention hearing. United States v. Apker, 964 F.2d 742, 744 (8th Cir. 1992); United States v. Angiulo, 755

2

F.2d 969, 974 (1st Cir. 1985).

8. Judge Keeton has previously held that it is appropriate to waive the 10-day notice provision of 18 U.S.C. § 2518(9) when the government seeks to use the contents of intercepted communications as evidence at detention hearings, United States v. Shea, 749 F. Supp. 1162, 1169 (D. Mass. 1990).

WHEREFORE, the government hereby moves pursuant to 18 U.S.C. § 2518(9) for permission to use the contents of intercepted communications at the detention hearings in this case, even if such hearings take place less than ten days after the disclosure of the wiretap application and order.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By: _____
    Leah B. Foley
    Assistant U.S. Attorney

So ordered:

_____
HON. ~~DENNIS~~ Denise J. CASPER
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS

Dated: August 9, 2012

3