UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No.: 12-10226-DJC |
| v. | ) |
| | ) |
| JOHN KOSTA, | ) |
| | ) |
| Defendant. | ) |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 [116.6], it is hereby ORDERED as follows:

1. For purposes of this Order, the term "Wiretap Materials" means all applications, supporting documents (including affidavits), and orders made or issued in connection with court-authorized electronic surveillance; all recordings, written summaries, preliminary transcripts (or "linesheets") and final transcripts made pursuant to those orders; the "contents" of the above-enumerated items as that term is defined in 18 U.S.C. § 2510(8); and the investigative reports generated in this investigation. The term "contents" includes, but is not limited to, any transcripts, summaries, extracts, or verbatim accounts contained in any transcripts, memoranda, or affidavits prepared by any party or other person in connection with this case.

2. Except as provided below, defendants and their respective counsel of record shall make no disclosure of Wiretap Materials to any other person.

3. Consistent with the terms of this Order, Wiretap Materials may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case. Such disclosures may be made by counsel of record for

a defendant in that case to: (a) the defendant represented by that counsel of record; (b) other counsel of record in the pending case; (c) a counsel of record's partners, associates, paralegals, designated defense investigators, and stenographic employees involved in the defense of this case; (d) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (e) persons identified in a disclosed communication as being present during such communication or being a participant therein; and (f) other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from disclosing a recording or its contents to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

4. Counsel of record for the defense shall not make any disclosure as provided in paragraph 3 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order. Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read the Order and having the contents herein fully explained by counsel of record making the disclosure. Counsel shall maintain a list of names of all such persons and a copy of their acknowledgments and shall file original acknowledgments with the Court in camera.

5. Upon the termination of these proceedings, all Wiretap Materials shall be returned forthwith to the United States or to the Court absent further Court order to the contrary.

_____
HON. DENISE J. CASPER
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS

Dated: August 9, 2012