UNITED SATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

NO. 12-10226-DJC

V.

JOHN KOSTA

<u>MOTION TO SEVER/EXCLUDE</u>

NOW COMES the accused, by and through counsel, and hereby moves this Court to

sever his trial from co-defendant Tamara Kosta and/or to exclude at a joint trial with co-

defendant Tamara Kosta, her August 7, 2012 statement to law enforcement agents.

In support of this Motion, the accused states as follows:

1.  The accused is currently charged with conspiracy to distribute marijuana, possession

    with intent to distribute marijuana, conspiracy to commit money laundering along

    with other various offenses

2.  One of his co-defendants is his wife, Tamara Kosta.  On August 7, 2012 Mrs. Kosta

    provided statements to law enforcement agents during the search of the house

    located at 45 Riley Switch Road in Philipston, Massachusetts.  In her August 7, 2012

    statement, Mrs. Kosta provided information which directly implicated the accused.

    For example, Mrs. Kosta, according to FBI Special Agent Lisa Baillargeon's report,

    stated, after being informed by the agents that case personnel knew about John

    Kosta's associates and that case personnel had a camera at her residence in Arizona,

    "that if you were investigating her then you would know that when those guys came

    over, she would leave…..that her husband, John Kosta, told her to leave the house

when his associates came to the house…..[and] that she is not as involved as her husband is."

3. The Supreme Court has held that admitting a co-conspirator's confession in a joint trial violates a defendant's Sixth Amendment right to cross-examination when a confession directly implicates a defendant.  Bruton v. United States, 391 U.S. 123 (1968).  The Court later clarified that the confession can be used against the confessing party if there is a proper limiting instruction and the confession is "redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson v. Marsh, 481 U.S. 200, 211 (1987).  Statements that are incriminating only when linked to other evidence in the case do not trigger application of Bruton's preclusionary rule.  Richardson, 481 U.S. at 208. "This criteria is easier to state than to apply; for example, it does not allow a prosecutor merely to delete a co-defendant's name.  See, e.g., Gray v. Maryland, 523 U.S. 185, 192 (l998). (Holding that simply replacing a co-defendant's name with a simple or a blacked out space is insufficient to wrest an inculpatory statement from Bruton's precedential orbit.)" United States v. Vega Molina, 407 F.3d 511 (1st. Cir. 2005); see also, Foxworth v. St. Amand, 570 F.3d 414, 434 (1st Cir. 2009).

4. The accused submits that permitting the Government to introduce Mrs. Kosta's statement at a joint trial would violate his Sixth Amendment right.  The accused submits that admitting at a joint trial even a redacted version of Mrs. Kosta's statement would violate his Sixth Amendment right, as given the text and context of Mrs. Kosta's statement would leave little doubt in the jurors' minds as to whom the

statement of Mrs. Kosta was referring to.  See, <u>United States v. Vega Molina</u>, 407

F.3d 511 (1st Cir. 2005).  (The Court stated that "[t]he application of <u>Bruton</u>,

<u>Richardson</u>, and <u>Gray</u> to redact its statements then employ phraseology such as

"other individuals" or "another person" requires careful attention to both text and

context, that is, to the text of the statement itself and to the context in which it is

proffered.  The mere fact that the other defendants were on trial for the same

crimes to which the declarant confessed is insufficient, in and of itself, to render the

use of neutral pronouns and impermissible means of redaction.  A particular case

may involve numerous events and actors, such that no direct inference plausibly can

be made that a neutral phrase like "another person" refers to a specific co-

defendant.  See, e.g., <u>United States v. Sutton</u>, 337 F.3d 792, 799-800 (7th Cir. 2003).

A different case may involve so few defendants that the statement leaves little

doubt in the listener's mind about the identity of "another person".  See, e.g.,

<u>United States v. Vejar-Urias</u>, 165 F.3d, 337, 340 (5th Cir. 1999).  In short, each case

must be subjected to individualized scrutiny.")

5.  Accordingly, the accused submits that either his trial should be severed from that of

co-defendant Tamara Kosta or the Government should be precluded from

introducing Mrs. Kosta's statement at a joint trial.

WHEREFORE, the accused respectfully requests that this Court grant the Motion.

Respectfully submitted,
John Kosta,
By his Attorney,


Date:  April 16, 2013                    /S/Paul J. Garrity

Paul J. Garrity
14 Londonderry Road
Londonderry, NH 03053
(603)434-4l06
Bar No. 555976

<u>CERTIFICATE OF SERVICE</u>

I, Paul J. Garrity, herein certify that on this 16th day of April, 2013, a copy of the within was e
filed to the U.S. Attorney's Office and all parties of record and mailed, postage prepaid, to the
John Kosta.

<u>/S/Paul J. Garrity</u>
Paul J. Garrity