UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 12-10226-DJC |
| ) | |
| 1. JOHN KOSTA ) | |
| a/k/a "Costa Mihalakakis", ) | |
| Defendant. ) | |

## FINAL ORDER OF FORFEITURE

**CASPER, D.J.**

WHEREAS, on September 27, 2012, a federal grand jury sitting in the District of Massachusetts returned a six-count Superseding Indictment charging defendant John Kosta a/k/a "Costa Mihalakakis" (the "Defendant"), and others, with Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Two and Four); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Three); Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Five); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Six);

WHEREAS, the Superseding Indictment contained a drug forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One, Two, Four, Five, and Six of the Superseding Indictment, (jointly and severally as to Count One) of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a

result of such offenses, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, and the drug forfeiture allegation further listed numerous specific assets for forfeiture;

WHEREAS, the Superseding Indictment also contained a money laundering forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Count Three of the Superseding Indictment, jointly and severally, of any property real or personal, involved in the offense, and any property traceable to such property, and the money laundering forfeiture allegation further listed numerous specific assets for forfeiture;

WHEREAS, the drug and money laundering forfeiture allegations of the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), and the drug and money lauding forfeiture allegations also listed specific substitute assets for forfeiture;

WHEREAS, on March 13, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Superseding Indictment pursuant to a written plea agreement that he signed on March 13, 2014;

WHEREAS, in Section 10 of the plea agreement, the Defendant agreed to forfeiture of the

2

following assets, all of which were specifically named for forfeiture in the Superseding Indictment:

    a.    $5,333.78 in United States currency seized from Eastern Bank account number ending in 1698;

    b.    $26,337.09 in United States currency seized from TD Bank account number ending in 0064;

    c.    $4,525.23 in United States currency seized from Sovereign Bank account number ending in 1678;

    d.    $14,412.84 in United States currency seized from Peoples United Bank account number ending in 4305;

    e.    one white 2010 Nissan Maxima, bearing vehicle identification number 1N4AA5AP7AC803341 and Massachusetts registration number 668-TH4;

    f.    one grey 2008 Chevrolet Silverado, bearing vehicle identification number 1GCHK23K08F184998;

    g.    one red 2008 Pontiac Grand Prix, vehicle identification number 2G2WC58C981133275;

    h.    the real property located at 181 Krainewood Drive, Moultonboro, New Hampshire, Lot 33, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 2973, Pages 910-911, at the Carroll County Registry of Deeds;

    i.    the real property located at 1 Barre Road, Phillipston, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 49088, Pages 255-258, at the Worcester District Registry of Deeds;

    j.    the real property located at 390 Highland Avenue, Phillipston, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 49088, Pages 259-262, at the Worcester District Registry of Deeds;

    k.    the real property located at parcel number 004788377, at Spring Street in Petersham, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 49088, Pages 263-266, at the Worcester District Registry of Deeds;

l.  the real property located at parcel number 004788374, Lot 2, at Wellington Road in Templeton, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 49088, Pages 267-270, at the Worcester District Registry of Deeds;

m.  the real property located at 45 Riley Switch Road, Phillipston, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 35664, Pages 42-43, at the Worcester District Registry of Deeds;

n.  the real property located at 100 Summit Street, Orange, Massachusetts, including all buildings, improvements, and appurtenances thereon, more particularly described in a deed recorded at Book 5945, Pages 129-130, at the Franklin District Registry of Deeds;

o.  one Glock handgun, bearing serial number PXG371;

p.  one Sturm Ruger handgun, bearing serial number 660-14189;

q.  one Iver Johnson Arms handgun, bearing serial number 734585;

r.  one Interarms handgun, bearing serial number L6077;[1]

s.  one Sturm Ruger revolver, bearing serial number 174-78641;

t.  an Arms Company revolver, bearing serial number 14820;

u.  one O.F. Mossberg & Sons, Inc. shotgun, Model 390KA bearing no serial number;

v.  one O.F. Mossberg & Sons, Inc. shotgun, Model 183KD, bearing serial number 205346;

w.  one Remington shotgun, Model 870, bearing serial number D577964N;

x.  one Boito BR7 shotgun, bearing serial number 3052238A;

y.  one New York Arms Co. shotgun, bearing serial number 63861;

z.  one Heckler & Koch Inc. .22 caliber semi-automatic assault rifle, bearing

---

[1] The correct serial number for the Interarms handgun is L6077.

        serial number HK002360;

aa.    one M&P 15 semi-automatic assault rifle, bearing serial number SM28424;

bb.    one M&P 15 semi-automatic assault rifle, bearing serial number SN63363;

cc.    one M&P 15 semi-automatic assault rifle, bearing serial number SM23903;

dd.    one Bushmaster semi-automatic assault rifle, Model XM15-E2S, bearing serial number BF1437064;

ee.    one Bushmaster semi-automatic assault rifle, Model XM15-E2S, bearing serial number BF1615628;

ff.    a Sig Sauer semi-automatic assault rifle, Model 522, bearing serial number XA008899;

gg.    one Heckler & Koch, Inc., handgun Model number P2000SK, bearing serial number 121007455;[2]

hh.    one Glock handgun, Model 19, bearing serial number KVG412;

ii.    one Keltec handgun, Model MR30, bearing serial number W0Z82;

jj.    one Sturm Ruger .357 Magnum revolver, bearing serial number 17498683;

kk.    one Smith & Wesson .44 Magnum handgun, bearing serial number N870328;

ll.    one Smith & Wesson handgun, Model MP-40, bearing serial number MRC6307;

mm.    one Smith & Wesson handgun, Model P2000SK, bearing serial number 122014590;

nn.    twenty-one rounds of .22 caliber ammunition;

oo.    five rounds of 9 millimeter ammunition;

pp.    fifteen rounds of 9 millimeter hollow point ammunition;

---

[2] The full description for this asset is one Heckler & Koch, Inc., handgun Model number P2000SK, bearing serial number 121007455.

    qq.    two hundred rounds of .40 caliber ammunition;

    rr.    six rounds of .40 caliber hollow point ammunition;

    ss.    eighty-two rounds of .45 caliber ammunition;

    tt.    one-hundred ten rounds of .380 caliber ammunition;

    uu.    forty-four rounds of .380 caliber hollow point ammunition;

    vv.    three-hundred eighty-one rounds of 5.56 caliber ammunition;

    ww.    ninety-eight rounds of .38 caliber ammunition;

    xx.    twenty-seven rounds of .357 caliber ammunition;

    yy.    forty-nine rounds of .357 caliber hollow point ammunition;

    zz.    fifty-three rounds of .32 caliber ammunition;

    aaa.    fourteen rounds of .32 caliber hollow point ammunition;

    bbb.    one round of 7.62 caliber ammunition;

    ccc.    four-hundred eighteen rounds of .22 caliber rifle ammunition;

    ddd.    five 70 millimeter 12 gauge shotgun buckshot shells; and

    eee.    ninety-five rounds of .44 magnum ammunition

(collectively, the "Properties");

WHEREAS, on July 21, 2014, a sentencing hearing was held whereby this Court sentenced the Defendant to 120 months incarceration, to be followed by a term of 3 years supervised release, and ordered the Defendant to pay a special assessment of $400.00;

WHEREAS, on July 22, 2014, this Court issued a Preliminary Order of Forfeiture against the Properties, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, in addition, this Court ordered the Defendant to forfeit the Properties, pursuant to the terms of the Preliminary Order of Forfeiture;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on August 1, 2014 and ending on August 30, 2014;

WHEREAS, on October 6, 2014, Bank of America, N.A. filed a Third Party Petition of Interest in the real property located at 45 Riley Switch Road, Phillipston, Massachusetts 01331;[3]

WHEREAS, on December 19, 2014, the government entered into an Expedited Settlement Agreement with Wilmington Trust, N.A., a copy of which is attached as Exhibit A; and

WHEREAS, no other claims of interest in the Properties have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Properties, and they are hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853 and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

---

[3] Counsel for Bank of America, N.A. intends to withdraw the Third Party Petition of Interest filed on October 6, 2014 because Bank of America, N.A. does not have a secured interest in the Property, and Counsel intends to file a Third Party Petition on behalf of Wilmington Trust, N.A.

7

3.  All other parties having any right, title or interest in the Properties are hereby held in default.

4.  The United States Marshals Service is hereby authorized to dispose of the Properties in accordance with applicable law.

*/s/ Denise J. Casper*
DENISE J. CASPER
United States District Judge

Dated: January 30, 2015