UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-10226-DJC |
| | ) | |
| 1.  JOHN KOSTA | ) | |
| a/k/a "Costa Mihalakakis," | ) | |
| Defendant. | ) | |

## THIRD AMENDED FINAL ORDER OF FORFEITURE

**CASPER, D.J.**

WHEREAS, on September 27, 2012, a federal grand jury sitting in the District of

Massachusetts returned a six-count Superseding Indictment charging defendant John Kosta a/k/a

"Costa Mihalakakis" (the "Defendant"), and others, with Conspiracy to Possess with Intent to

Distribute and to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count One); Possession

with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2

(Counts Two and Four); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C.

§ 1956(h) (Count Three); Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in

violation of 18 U.S.C. §§ 924(c), and 2 (Count Five); and Felon in Possession of a Firearm, in

violation of 18 U.S.C. § 922(g)(1) (Count Six);

WHEREAS, the Superseding Indictment contained a drug forfeiture allegation, pursuant to

21 U.S.C. § 853, which provided notice that the United States sought the forfeiture, upon

conviction of the Defendant of any offense alleged in Counts One, Two, Four, Five, and Six of the

Superseding Indictment, jointly and severally as to Count One, of any and all property

constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a

result of such offenses, and/or any property used or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such offenses;

WHEREAS, the drug forfeiture allegation further listed numerous specific assets for forfeiture;

WHEREAS, the Superseding Indictment also contained a money laundering forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count Three of the Superseding Indictment, jointly and severally, of any property real or personal, involved in the offense, and any property traceable to such property;

WHEREAS, the money laundering forfeiture allegation further listed numerous specific assets for forfeiture;

WHEREAS, the drug and money laundering forfeiture allegations of the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, the drug and money laundering forfeiture allegations also listed specific substitute assets for forfeiture;

WHEREAS, on March 13, 2014, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Four of the Superseding Indictment pursuant to a written plea agreement that he signed on March 13, 2014;

WHEREAS, in Section 10 of the plea agreement, the Defendant agreed to the forfeiture of various assets, including the following:

a.      one Remington shotgun, Model 870, bearing serial number D577964M, (the "Remington Shotgun");

WHEREAS, on July 22, 2014, this Court issued a Preliminary Order of Forfeiture against the Properties, including the Remington Shotgun, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on August 1, 2014, and ending on August 30, 2014;

WHEREAS, on January 30, 2015, this Court issued a Final Order of Forfeiture against the Properties, including the Remington Shotgun, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure; and

WHEREAS, due to a clerical error within the Publication, which identified the incorrect serial number for the Remington Shotgun, the advertisement was re-published for an additional 30 days on www.forfeiture.gov, starting on January 23, 2016, and ending on February 21, 2016, and this advertisement included the correct serial number.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.      The United States' Third Motion to Amend Final Order of Forfeiture is allowed.

2.      The United States of America is entitled to the forfeiture of all right, title or interest in the Remington Shotgun, and it is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3.      The United States Marshals Service is hereby authorized to dispose of the

Remington Shotgun in accordance with applicable law.

_____
DENISE J. CASPER

Date __March 23, 2016__


4